## FIRST NATIONAL BANK OF CHICAGO *v.* CHICAGO TITLE & TRUST COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 139. Argued January 19, 20, 1905.—Decided May 15, 1905.

The trustee in bankruptcy claiming the right of possession of certain merchandise of the bankrupt in storage, warehouse receipts for which he had hypothecated for loans, instituted summary proceedings for possession and directions for sale in the District Court. Claimants who were the warehousemen and holders of warehouse receipts objected to the jurisdiction but were overruled and thereafter the trustee and claimant stipulated for sale of the property and deposit of proceeds subject to further order of the court. The District Court held that claimants were entitled to the property. The trustee appealed and the claimants denied their right of appeal. The Circuit Court of Appeals reviewed the facts and found the trustee entitled to possession. On certiorari *held,* that:

As the proceeding was one in bankruptcy there was no appeal to the Circuit Court of Appeals and its jurisdiction was confined, under clause of § 24, to revision in matter of law on notice and petition.

The provisions as to revision in matter of law and appeal must be construed in view of distinctions recognized in §§ 23, 24 and 25, between steps in bankruptcy proceedings proper and controversies arising out of the settlement of estates.

The bankruptcy court is without jurisdiction to determine adverse claims to property not in the possession of the assignee in bankruptcy by summary proceedings, whether absolute title or only a lien is asserted, and suits by a trustee may only be brought in courts where they might have been brought by the bankrupt.

The fact that the claimants followed the case after their objections to the jurisdiction of the District Court had been overruled, did not amount

to a waiver of the objections or consent to the jurisdiction of the court, and the sale of the merchandise by court did not, under the circumstances of this case, change the situation or create a fund which conferred jurisdiction.

The Circuit Court of Appeals had no jurisdiction of the appeals and they should have been dismissed.

The District Court had no jurisdiction to go to judgment in the proceeding and on ascertaining that fact should have declined to retain it, and have entered a decree for the return of the money to the claimants without prejudice to the right of the trustee to litigate in a proper court.

Although it turns out that if the District Court has not jurisdiction it may proceed until that fact appears and may, on consent, direct a sale of perishable property involved, and on relinquishing jurisdiction an order returning the proceeds is equivalent to an order returning the property.

THE petition for certiorari represented:

"1. That for some years prior to the 10th day of May, 1901, Alexander Rodgers was a wholesale dealer in seeds in the city of Chicago, Illinois, and that on said day he was adjudged a bankrupt by the District Court of the United States for the Northern District of Illinois, and the Chicago Title and Trust Company, respondent herein, was duly appointed receiver, and subsequently trustee, of the estate of said bankrupt.

"2. That the National Storage Company, respondent, is a corporation organized under the laws of Illinois to do, and is engaged in doing, a warehousing business in the State of Illinois and elsewhere. That some months prior to said 10th day of May, said storage company issued to said Alexander Rodgers sundry warehouse receipts which were similar except as to the quantities and dates; one of which said receipts is in the words and figures following:

"'Warrant No. 8401.   Lot No. 1.

"'The National Storage Company, office 217 First National Bank Building, Chicago, hereby acknowledges to have received two hundred and fifty (250) bags timothy seed, said to weigh 31,751 pounds, contained in div. B, sec. 1, fifth floor, at its warehouse premises No. 281, located at 220–230 Johnson street, Chicago, Illinois, and will surrender the same to the order hereon of Alexander Rodgers upon payment of

charges and delivery of this warrant, at its office in Chicago, duly endorsed.

" 'It is agreed that this company is not responsible for loss or damage to property occasioned by fire, water, leakage, vermin, ratage, skrinkage, accidental or providential causes, riots or insurrection, frost or change of weather, or from being perishable while in storage, and that this company shall, in the custody of the above property, be the agent of the holder of this warrant.

" 'Storage and charges as per contract on file with this company.

" 'Chicago, Aug. 31, 1900.' "

[Signed by the National Storage Company by its president and treasurer, and the corporate seal affixed.]

"That immediately thereafter said Rodgers endorsed and hypothecated thirteen of said receipts to your petitioner, the First National Bank of Chicago, to secure loans made by it to him aggregating about $12,000, and endorsed and hypothecated five of said receipts to your petitioner, H. W. Rogers & Brother, to secure a loan by them to him of $5,000, and that said loans are still unpaid and due to petitioners respectively, and said petitioners, at the time said Rodgers was adjudged a bankrupt, held and still hold said warehouse receipts as security for said loans respectively.

"3. That on the 13th day of May, 1901, said Chicago Title and Trust Company, as said receiver, filed in said District Court a petition reciting that it had taken possession of the seed mentioned in said warehouse receipts, and asking the court's directions in respect to a sale thereof. That to said petition each of these petitioners filed a special appearance, specially objecting to the jurisdiction of said District Court over said seed, and such petitioner, as did also said National Storage Company. That thereupon the court referred said petition to a referee to take proof and report his conclusions; that the referee took proof and reported that the seed covered

by said warehouse receipts was, at the time of the adjudication in bankruptcy, in the possession of said storage company, that the District Court was without jurisdiction, and recommending a dismissal of said petition.

"That subsequently exceptions to said report were heard by said District Court, and it confirmed the referee's finding as to possession, but overruled his finding as to jurisdiction, and held it had jurisdiction, and ordered (the petitioner, First National Bank, consenting) that said seed be sold and the proceeds thereof be deposited with said First National Bank, subject to the further order of said court; that said seed was sold, and the amount realized therefrom was in excess of the amounts of petitioners' said claims, and this money is still in the hands of the petitioner, the First National Bank.

"That said petitioners thereupon severally filed petitions in said court, asking payment of their said claims out of said proceeds. That said Chicago Title and Trust Company, as trustee, and the respondents, James A. Patten, and E. W. Bailey & Company as creditors, answered said petitions, denying the right of your petitioners to said fund; and thereupon said petitions were referred to said referee to take additional proof and report the same to the court, and the said matter again coming before the court upon the report of said referee and exceptions thereto, said petitions of your petitioners were consolidated, and the court confirmed said report of said referee, except so far as it found a lack of jurisdiction in said District Court, and adjudged that said District Court had jurisdiction; that said decree also found that said storage company was, at the time of the filing of the bankruptcy petition herein, in the possession of, and entitled to the possession of, said seed, and decreed that petitioner, First National Bank, retain out of said proceeds the sum of $9,854.15 on account of its claim, and pay therefrom to petitioners, H. W. Rogers & Brother, $5,000.

"That thereupon said Chicago Title and Trust Company, as trustee, and said James A. Patten severally perfected ap-

peals from said order or decree to the Circuit Court of Appeals of the Seventh Circuit.

"That thereafter said two appeals were duly filed in said Circuit Court of Appeals, and were there, by order of court, consolidated and heard as one case.

"That said Circuit Court of Appeals thereafter filed its opinion in said consolidated causes reviewing the question of fact whether the storage company was in possession of said seed at the time of the proceedings in bankruptcy, and held that said District Court had erred in deciding this question of fact, and overruled said District Court upon said question of fact, and decided that said storage company was not in possession of said seed, and remanded said cause with directions to enter a decree for said trustee.

"That thereafter these petitioners filed a petition for rehearing in said cause, which was subsequently denied.

"That your petitioners are advised by counsel that there existed in law no right of appeal by said trustee or said Patten from said order of said District Court, and that, if said alleged attempts to appeal should be treated strictly as appeals, said Circuit Court of Appeals was without jurisdiction of the subject-matter, and its said order reversing said decree of the District Court was null and void.

"That your petitioners are also advised by counsel that, if said appeals rightly could be, and were, treated by said Circuit Court of Appeals as in effect petitions for revision, said Circuit Court of Appeals, by the express terms of the bankruptcy statute, was limited in its jurisdiction to a revision of the decision of the District Court in matter of law, and that said Circuit Court of Appeals, in reversing said District Court upon the said question of fact, proceeded without jurisdiction, and in violation of the said statute." . . .

The granting of the writ was objected to, and it was stated that Alexander Rodgers, the bankrupt, filed his petition in bankruptcy May 8, 1901; that the Chicago Title and Trust Company was appointed receiver the same day; and that the

bankrupt turned over his property, including the seed in dispute, to the receiver.   And it was insisted that the proceeding was a plenary suit, to the institution of which, in the District Court sitting in bankruptcy, the petitioners as adverse parties, had consented.   Certiorari was granted, and thereafter a motion to quash the writ was filed on the ground that the matters involved and determined in the cause were controversies arising in bankruptcy proceedings as distinguished from proceedings in bankruptcy, and that the remedy was by error or appeal rather than by certiorari.   Consideration of this motion was postponed to the hearing on the merits.

The case in the Circuit Court of Appeals is reported 125 Fed. Rep. 169.

*Mr. Henry S. Robbins*, with whom *Mr. Wallace Heckman* and *Mr. James G. Elsdon* were on the brief, for petitioners:

As to the jurisdiction of the courts below:

This case in the District Court was a proceeding in bankruptcy.   *Bardes* v. *Hawarden Bank*, 178 U. S. 524; *In re Screen Door Co.*, 123 Fed. Rep. 249; and otherwise that court had no jurisdiction.   The rule was the same under the act of 1867.   *Smith* v. *Mason*, 14 Wall. 419; *Marshall* v. *Knox*, 16 Wall. 551; *Knight* v. *Cheney*, Fed. Cas. No. 7883; *In re Marter*, Fed. Cas. No. 9143; *In re Ballou*, Fed. Cas. No. 818; *In re Bonesteel*, Fed. Cas. 1627; *Barstow* v. *Peckham*, Fed. Cas. 1064; *Rogers* v. *Winsor*, Fed. Cas. No. 12,023.

The fact that, after the court had overruled their objections to jurisdiction, these petitioners followed the case—as, without a sacrifice, they could not otherwise do—does not amount to a waiver of these objections.   *Louisville Trust Co.* v. *Comingor*, 184 U. S. 18; *Re Baudouine*, 101 Fed. Rep. 574.

The District Court was not without jurisdiction *ab initio.* It necessarily must have jurisdiction to proceed up to the point of determining that there exists an adverse claim; that is, that the property is in the possession of an adverse claimant. *Louisville Trust Co.* v. *Comingor*, 184 U. S. 18; *Lathrop* v.

*Drake,* 91 U. S. 516; *Mueller* v. *Nugent,* 184 U. S. 1; *In re Baird,* 116 Fed. Rep. 765; *In re Kane,* 131 Fed. Rep. 386.

The proceeding in the District Court being a proceeding in bankruptcy, the only jurisdiction which the Circuit Court of Appeals had thereof arose out of §§ 24*b,* 25*a,* of the bankruptcy act.

A judgment in a proceeding by or against a lien holder, which merely establishes or rejects the lien, and does not decide whether a claim is a provable debt in bankruptcy, is not a judgment allowing or rejecting the debt or claim within sec. 25*a,* 3. *In re Rouse, Hazard Company,* 91 Fed. Rep. 96; *In re Worcester County,* 102 Fed. Rep. 808; *In re Abraham,* 93 Fed. Rep. 767; *In re Whitener,* 105 Fed. Rep. 180; *Hutchinson* v. *Otis,* 190 U. S. 552.

It follows, then, that no appeal lay to the Circuit Court of Appeals nor can the appeal be treated as a petition for revision under § 24*b.* Cases *supra* and *Stickney* v. *Witt,* 23 Wall. 150; *Cleveland Insurance Co.* v. *Globe Insurance Co.,* 98 U. S. 366.

The Circuit Court of Appeals should, when this point of jurisdiction was raised, have dismissed the appeal. It should have done so even had counsel not raised the question. *M. C. & L. M. Ry. Co.* v. *Swan,* 111 U. S. 379.

Hence, that court acted without jurisdiction, and certiorari is proper to correct this. *American Sugar Ref. Co.* v. *New Orleans,* 181 U. S. 277; *Kingman* v. *Manufacturing Co.,* 170 U. S. 675.

If the appeal were properly treated as a petition for revision, the Circuit Court of Appeals erred in not confining its action to revision in matter of law. *Chesapeake Shoe Co.* v. *Seldner,* 122 Fed. Rep. 593; *Re Screen Door Co., supra.*

*Mr. Joseph E. Paden* and *Mr. Newton Wyeth,* with whom *Mr. James H. Reed* and *Mr. James H. Beal* were on the brief, for respondents:

As to the jurisdiction of the courts below:

The District Court had jurisdiction. The sale of the merchandise was by consent and this constituted a fund held subject to the order of the court and the petitioners cannot object to the jurisdiction.

The case was properly heard and disposed of in the Circuit Court of Appeals, as an appeal; and in any event, the petitioners, having raised no objection to the form in which the case was heard by the Circuit Court of Appeals, cannot now question the right of that court so to hear and dispose of the case. *Hewit* v. *Berlin Machine Works*, 194 U. S. 296; *Re Jacobs*, 99 Fed. Rep. 539; *Plymouth Cordage Co.* v. *Smith*, 194 U. S. 311.

As the Court of Appeals had jurisdiction over the subject matter, and the objection now made relates only to the form in which the power of the court should be exercised, the petitioners having made no objection to the Circuit Court of Appeals hearing and determining the case as an appeal, are now estopped from making such objection. *Chesapeake Shoe Co.* v. *Seldner*, 122 Fed. Rep. 593.

If appeal is improper the same can be treated as petition for revision. *Re Richards*, 96 Fed. Rep. 935; *Re Abraham*, 93 Fed. Rep. 767; *Chesapeake Shoe Co.* v. *Seldner*, *supra.*

*Hewit* v. *Berlin Machine Works*, 194 U. S. 296, is in point for this case. See also *Jaquith* v. *Rowley*, 188 U. S. 620. The consent necessary is to the tribunal, and not to the form of procedure. Where a party appears and maintains the *bona fides* of the transfer, on a full hearing, answers on the merits and the like, he will be held to have consented. *In re Steurer*, 104 Fed. Rep. 976; *Bryan* v. *Bernheimer*, 181 U. S. 188; *Hicks* v. *Knost*, 178 U. S. 241.

Consent is not a matter of words, so much as acts. *Booneville National Bank* v. *Blakey*, 107 Fed. Rep. 891.

If claimants elect to contest their rights further upon the merits in the District Court, after the assertion of jurisdiction in the court, they can consent so to do, and, under § 23*b*,

waive all question as to jurisdiction. *Mueller* v. *Nugent,* 184 U. S. 1, and cases *supra.*

Though all United States courts, except the Supreme Court, may be and are described as inferior courts, yet the District Courts, as courts of bankruptcy, are not inferior courts in the sense that jurisdiction must necessarily appear on the face of the record. *McCormick* v. *Sullivant,* 10 Wheat. 199; *Kennedy* v. *Bank,* 8 How. 586, 611.

These respondents carried the case by appeal to the Circuit Court of Appeals and obtained a review on questions of both fact and law. It was competent for the opposite parties to consent that an appealable case should be heard in the District Court. The appeal was properly heard in the Circuit Court of Appeals. *Elliott* v. *Toeppner,* 187 U. S. 327; *Duncan* v. *Landis,* 106 Fed. Rep. 839; *Booneville National Bank* v. *Blakey, supra.*

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

In the view we take of the case, the petition for certiorari sufficiently discloses the facts. If the proceeding in the District Court was a proceeding in bankruptcy and not an independent suit, no appeal lay to the Circuit Court of Appeals, and the jurisdiction of that court was confined to revision in matter of law "on due notice and petition" under clause *b* of section 24.

The distinction between steps in bankruptcy proceedings proper and controversies arising out of the settlement of the estates of bankrupts is recognized in sections 23, 24 and 25 of the present act, and the provisions as to revision in matter of law and appeals were framed and must be construed in view of that distinction. *Holden* v. *Stratton,* 191 U. S. 115; *Denver First National Bank* v. *Klug,* 186 U. S. 202; *Elliott* v. *Toeppner,* 187 U. S. 327, 333, 334.

This distinction existed under the prior bankruptcy law,

and the then decisions in respect of a proceeding in bankruptcy and an independent suit are applicable.   It was settled that the bankruptcy court was without jurisdiction to determine adverse claims to property, not in the possession of the assignee in bankruptcy, by summary proceedings, whether absolute title or only a lien was asserted.  *Smith* v. *Mason,* 14 Wall. 419; *Marshall* v. *Knox,* 16 Wall. 551; *In.re Bonesteel,* 7 Blatch. 175, Mr. Justice ·Nelson; *Knight* v. *Cheney,* 14 Fed. Cases, 760, Mr. Justice Clifford; *In re Ballou,* 4 Ben. 135, Mr. Justice Blatchford, then District Judge; *In re Marter,* 16 Fed. Cases, 857, Mr. Justice Brown, then District Judge.

The present act was plainly framed in recognition of the principle of these cases.  Subdivision 7 of section 2 confers jurisdiction on the District Courts as courts of bankruptcy. to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided;" and we held in *Bardes* v. *Bank,* 178 U. S. 524, that this exception referred to clause *b* of section 23 of the act, which provides: "Suits by a trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."  And that the District Courts had no jurisdiction of such plenary suits without consent.

· Petitioners asserted .this express statutory limitation on jurisdiction and objected that the District Court could not proceed, but their objections were overruled.  That they then did not abandon their claims did not amount to a waiver of their objections or to a consent to an exercise of jurisdiction against which they protested.  *Louisville Trust Company* v. *Comingor,* 184 U. S. 18.  In that case, to a rule entered in the· bankruptcy court, requiring an adverse claimant in possession of a fund to pay it to the trustee in bankruptcy, the claimant tendered a formal response, denying jurisdiction, which the

court refused to entertain, and he then participated in a hearing upon the merits. The bankruptcy court sustained its jurisdiction upon the ground that, by his "acquiescence in that mode of procedure," he had assented to its jurisdiction. Upon petition for review the Circuit Court of Appeals reversed the bankruptcy court, and this court upon certiorari affirmed the Circuit Court of Appeals. We said:

"This brought the controversy within the ruling in *Bardes* v. *Bank*, 178 U. S. 524, and the questions attempted to be litigated before the referee and in the District Court as to the allowance of the two amounts could only be raised in the District Court by consent, and then only by plenary suit. If the jurisdiction of the District Court was not consented to, then the state court, under the circumstances of this case, was the proper forum, and the matters in dispute were to be disposed of there. . . .

"The proceeding was purely summary. . . .

"The question is whether the District Court had jurisdiction to finally adjudicate the merits in this proceeding. . . .

"In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review.

"We are of opinion that even if Comingor could have consented to be pursued in this manner, he did not so consent. He was ruled to show cause, and the cause he showed defeated jurisdiction over the subject matter, that is jurisdiction to proceed summarily. He did not come in voluntarily; but in obedience to peremptory orders, and although he participated in the proceedings before the referee, he had pleaded his claims in the outset, and he made his formal protest to the exercise of jurisdiction before the final order was entered."

And since, as elaborately expounded in *Bardes* v. *Bank*, the

District Court had no jurisdiction of an independent suit, it follows that the proceeding in that court could not be held to have been such, as, indeed, in form, on reason, and on authority, it manifestly was not. But, nevertheless, the District Court had jurisdiction to determine whether it could or could not proceed further. *Louisville Trust Company* v. *Comingor,* 184 U. S. 18; *Mueller* v. *Nugent,* 184 U. S. 1; *Schweer* v. *Brown,* 195 U. S. 171.

In the present case, the receiver filed a petition reciting that he had taken possession of the property. This was denied. The District Court adjudged that the receiver had not at the time of filing its petition the right of possession, and that the National Storage Company, at that date, and also at the time of the filing of the petition in bankruptcy, was entitled to possession and had possession. Nevertheless it retained jurisdiction and decreed payment to petitioners out of the proceeds of the sale.

The sale in the circumstances did not change the situation. The proceeds stood in place of the property and the order returning the proceeds was equivalent to an order returning the property. This it was proper to do, whether the court had held that it lacked jurisdiction, or ruled in favor of petitioners on the merits. The Court of Appeals sustained the jurisdiction of the District Court upon the ground that it had acquired a fund and had jurisdiction to dispose of it, but we do not think that a court of bankruptcy can create a jurisdiction forbidden by statute. And in any view, the proceeding was a proceeding in bankruptcy. Being such, an appeal from the decree of the District Court under section 25*a* did not lie, and parties aggrieved could only invoke the supervisory power under section 24*b*. *Holden* v. *Stratton,* 191 U. S. 115; *Hutchinson* v. *Otis,* 190 U. S. 552.

But this was an appeal and not a petition for revision, and hence it was that the Circuit Court of Appeals reviewed the questions of fact and declined to accept the findings of the referee and the District Court. In the exercise of supervisory

power, it would have been confined to matter of law. We are clear that an appeal would not lie, and the decrees of the Circuit Court of Appeals must be reversed, with a direction to dismiss the appeals and remand the cause to the District Court for further proceedings in conformity with this opinion.

In our view the District Court should have declined upon its findings to retain jurisdiction, and in that event the decrees for the return of the money should have been without prejudice to the right of respondents to litigate in a proper court, which modification we direct to be made.

*Ordered accordingly.*