In re HORGAN et al. In re REAGAN. ELDREDGE et al. v. HORGAN et al.

(Circuit Court of Appeals, First Circuit. May 1, 1908.)

No. 765 (Original).

BANKRUPTCY (§ 293*) — PROCEEDING BY TRUSTEE — JURISDICTION — ADVERSE CLAIMANT.

> Trustees of a bankrupt filed a summary petition in the court of bankruptcy against sureties on a bail bond given by the bankrupt prior to the bankruptcy, to recover money deposited with them to secure them against liability on the bond. The sureties appeared and objected to the jurisdiction, and set up an agreement between them and the bankrupt, when the deposit was made, that they should defend any litigation over the money deposited and pay all charges incurred therefor from the deposit; that a prior petition to require them to pay over the money had been filed by the marshal, as receiver in bankruptcy, which they had contested, and which was dismissed for want of jurisdiction; and they claimed the amount expended by them in such defense from the fund. *Held*, that such claim was really adverse to that of the trustees, based on rights antedating the bankruptcy, and the court was without jurisdiction to determine it without the consent of the proposed defendants, under Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 798 (U. S. Comp. St. Supp. 1907, p. 1028).
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. § 293.*
>
> Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

---

Petition to Review.

Patrick P. Curran (Richard B. Comstock and Comstock & Canning, on the brief), for petitioners.

J. Jerome Hahn and Ralph T. Barnefield (Vincent, Boss & Barnefield, on the brief), for respondents.

Before COLT, PUTNAM and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. After the decision of this court rendered December 20, 1907, and reported in 158 Fed. 774, the suit brought by Armour against the bankrupt was discontinued, and thereupon the trustees in bankruptcy brought a summary petition in the District Court against the sureties on the bond, praying that they might be ordered to deliver to the trustees the $12,000 deposited with the sureties by the bankrupt. The sureties appeared in the District Court for the purpose of objecting to its jurisdiction in the matter, and filed affidavits in which they deposed that, at the time of their becoming sureties, it was agreed between them and the bankrupt that they should "undertake the defense of any litigation over the money deposited with" them, and "should pay out of said sum * * * all charges for professional services and disbursements in connection with the defense of any action which might grow out of (their) having received the said sum." The affidavits alleged, further, that they had paid out for these purposes $1,209.90, which sum ought to be repaid them from the deposit of $12,000 in their hands. After hearing the parties, the District Court made an order directing the respondent sureties to pay over to the trustees $10,500 on March 9, 1908, and the rest of the deposit March 16, 1908. The sum of $10,500 was thereupon paid to the trustees without objection, and is not here brought into controversy. Concerning the rest of the deposit, the petitioners filed an original petition in this court, seeking to review the action of the District Court, upon the ground that it was without jurisdiction in the case.

But one question is here presented: Was the petitioners' claim to the sum here in controversy, $1,500 and interest, a claim really adverse to the claim of the trustees in bankruptcy or merely colorably so? The District Court had jurisdiction to pass upon this question; but, if the claim was really adverse, the court was without jurisdiction to proceed further under section 23 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]) as modified by the Ray bill (Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1028]). Whether the lien claimed by the petitioners be deemed to arise by implication of law out of the deposit with them of security for their liability on the bail bond, or from the express contract set up in their affidavits, we are of opinion that their claim to the lien was not so clearly without foundation as to be merely colorable within the decisions of the Supreme Court. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; First Nat. Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051. To pass upon the validity of the petitioners' claim, a court must deal with a somewhat intricate question of law and with

a disputed question of fact. The trustees contend, indeed, that the expenditures for which the petitioners seek reimbursement were incurred after bankruptcy, and that they did not benefit the bankrupt estate. In some cases these conditions might defeat a claim for reimbursement. Here the petitioners' claim to the deposit at the time of the earlier proceeding was decided to be adverse; i. e., to be made not merely on behalf of the bankrupt and in his interest. This adverse claim the petitioners were not required to abandon without a contest. While the expense which was incurred in protecting their claim was incurred after bankruptcy, yet the petitioners' lien for reimbursement of the expense was inchoate before bankruptcy. It is true that the expense did not benefit the bankrupt estate; but, considering that it was incurred in resisting the proceeding of the trustees to recover the deposit in a court without jurisdiction of the controversy, the trustees cannot say that it was incurred so wantonly as to make the claim for its reimbursement merely colorable—i. e., a claim made without any substantial basis. We are not called upon to hold the petitioners' claim to be valid, and we do not so hold. We merely hold it to be really adverse to the claim of the trustees in bankruptcy. Without discussing whether the form of proceeding by way of summary petition would have been suitable if the District Court had had any jurisdiction of the controversy, we hold that the jurisdiction of that court was altogether excluded by section 23 of the bankruptcy act as interpreted by the decisions above cited.

The decree of the District Court is reversed, with costs for the petitioners in this court.