## In re WALSH BROS.

(District Court, N. D. Iowa, E. D.   August 6, 1908.)

### No. 596.

1. BANKRUPTCY—DETERMINATION OF ADVERSE CLAIMS TO PROPERTY—JURISDICTION OF REFEREE.

Where a third person acquired possession of property from a bankrupt prior to the bankruptcy, and claims it in good faith as owner, and not merely colorably, a referee in bankruptcy is without jurisdiction to determine his right thereto on an application by the trustee for a summary order requiring him to return it as a voidable preference; and such jurisdiction is not conferred by the appearance of the adverse claimant in response to an order to show cause, the filing by him of an answer asserting his claim, and his contesting of the application, even though he does not formally object to the jurisdiction.

2. SAME—"PROCEEDING IN BANKRUPTCY."

An action by a trustee to recover property from a third party, which is alleged to have been transferred by the bankrupt prior to the bankruptcy as a preference, is not a "proceeding in bankruptcy," within the meaning of Bankr. Act July 1, 1898, c. 541, § 23a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431).

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 703–704.]

In Bankruptcy. On petition for review of an order of the referee denying an application of the trustee for an order for the return of property alleged to have been transferred and delivered by the bankrupts as a preference prior to the bankruptcy proceeding.

Walsh Bros., a copartnership, dealers in farm implements and machinery, were adjudged bankrupts by this court January 18, 1908, upon their own petition filed that day, and a trustee of their estate was afterwards duly appointed. About March 7, 1908, the trustee filed with the referee an application setting forth that the bankrupts on December 17 and 18, 1907, transferred certain of their stock of farm implements and machinery, of the value of more than $625, to Burns Bros., a copartnership, in payment of debts assumed by the bankrupts; that such transfer was made while the bankrupts were insolvent; that Burns Bros. so knew, or had reasonable cause to believe; and that the same was intended as, and was in fact, a preference by the bankrupts to said Burns Bros., and accepted by them as such. A summary order is asked that Burns Bros. be required to return the property to the trustee, or for such order in the premises as the referee may deem proper. March 16th Burns Bros. appeared before the referee and filed an answer, in which they admit that the property was transferred and delivered to them by the bankrupts December 17 and 18, 1907, but allege that it was in payment in good faith of a valid debt owing them by the bankrupts, and deny that the transfer was a preference, or intended as such, or that they knew of the insolvency of the bankrupts, or had reasonable cause to believe them to be insolvent, at the time of the transfer. They ask that they be dismissed, with their costs. Upon a hearing of the issues so joined evidence was offered by both parties, and the referee denied the application of the trustee upon the ground alone that it was not made to appear that Burns Bros. had reasonable cause to believe that Walsh Bros. were insolvent at the time the property was transferred and delivered to them. The Sandwich Manufacturing Company and other creditors of Walsh Bros. appeared at the hearing before the referee

and participated therein, and they petition for a review of the order. The trustee does not petition for a review, nor join in that of the creditors.

F. Lingenfelder, Ellis & Ellis, and Eggert & Lockwood, for creditors.

P. W. Burr, for Burns Bros.

REED, District Judge (after stating the facts as above). The jurisdiction of the referee to pass upon the merits of the controversy arising upon the application of the trustee and the answer of Burns Bros. thereto was not raised before the referee, other than by the facts alleged in the application of the trustee and the answer of Burns Bros., and the request of the latter that they be dismissed with their costs. But the jurisdiction of a federal court to determine a matter presented to it is a question that asserts itself, and the court will notice it, though it is not raised by the parties. The application of the trustee is for a summary order requiring Burns Bros. to return to him property alleged to have been transferred and delivered to them by the bankrupts a month before the bankruptcy proceedings were instituted. This property, therefore, has never come into the custody of the court of bankruptcy. Burns Bros. appeared before the referee and made claim to the property, and alleged facts plainly showing their title and right to it. The claim so made and asserted is not a mere colorable one, but is one that arose before the bankruptcy proceedings, and clearly appears from the allegations of the answer to be one that is adverse to the bankrupts, though it may be voidable at the election of the trustee. The application of the trustee is in the nature of an independent action by him against Burns Bros., who are not parties to the bankruptcy proceedings, to avoid the transfer because, as he alleges, it is a voidable preference. Such a suit is not a part of the "proceedings in bankruptcy," but is a controversy either at law or in equity between the trustee and a third party, within the meaning of section 23, cls. "a" and "b," of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]). Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; Bush v. Elliott, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114; In re Rochford, 124 Fed. 182, 59 C. C. A. 388.

Has a referee in bankruptcy jurisdiction to determine such a controversy, even with the consent of both parties? If the subject-matter of a controversy is not within the jurisdiction of a referee, of course, consent will not confer it, and the court upon a petition for review will acquire none, except to determine the jurisdiction of the referee. First Nat. Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051. That the court of bankruptcy would not have had jurisdiction of such a suit prior to the amendment of 1903, without the consent of the proposed defendant, is settled by the cases of Bardes v. Bank and Jaquith v. Rowley, above. Section 60b of the bankruptcy act as amended in 1903 is as follows (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1907, p. 1031]):

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall

be voidable by the trustee, and he may recover the property or its value from such persons. *And, for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

The words in italics were added by the amendment: What courts, then, since the amendment, have jurisdiction of a suit by a trustee to recover such a preference? Plainly only a "court of bankruptcy," or "any state court which would have had jurisdiction if bankruptcy had not intervened." Courts of bankruptcy, as defined by the act, are:

"The District Courts of the United States in the several states and territories, the Supreme Court of the District of Columbia, and the United States Court of the Indian Territory, and of Alaska." Section 1 (8) and section 2 of the bankruptcy act.

The courts of bankruptcy as above defined are invested, within their respective territorial limits—

"with such jurisdiction at law and in equity as will enable them to * * * (6) bring in and substitute additional parties in proceedings in bankruptcy when necessary for the complete determination of a matter in controversy; (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as otherwise provided." Section 2.

The exception is of the controversies and suits referred to in section 23, cls. "a" and "b," as originally enacted, and in sections 60b, 67e, and 70e, as amended. In re Rochford, 124 Fed. 182–185, 59 C. C. A. 388. The word "court" may include the referee. Section 1 (7). But this obviously means the referee when acting upon a matter of which he is given jurisdiction by the act. The jurisdiction of the referee is prescribed by section 38, as follows:

"Referees respectively are hereby invested * * * with jurisdiction to (1) consider all petitions referred to them by the clerks and make the adjudications or dismiss the petitions; (2) exercise the powers vested in courts of bankruptcy for the administering of oaths to and the examination of persons as witnesses and for requiring the production of documents in proceedings before them, except the power of commitment; (3) exercise the powers of the judge for the taking possession and releasing of the property of the bankrupt in the event of the issuance by the clerk of a certificate showing the absence of a judge from the judicial district, or the division of the district, or his sickness, or inability to act; (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions, or discharges, as are by this act conferred on courts of bankruptcy, and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided. * * *"

Rule 11 of this court confers upon referees in this district the power to exercise the duties conferred upon courts of bankruptcy by clauses 2, 3, 5, 6, 7, 11, and 18 of section 2 of the act. While much of the authority of the court of bankruptcy is exercised by the referee, and rightly so in proceedings in bankruptcy proper, none of these clauses, nor any other provision of the act, confers upon a referee any authority or power to act except in such proceedings. It is easier to state what are not "proceedings in bankruptcy" than to definitely name all that are; and it is perhaps not advisable to now attempt to accurately distinguish between such proceedings and "controversies at law and in equity between trustees as such and adverse claimants concerning the

property claimed by the trustees." It is sufficient for the present to know that it is definitely settled by the Supreme Court in the cases before cited that an action by a trustee to recover property from a third party which is alleged to have been transferred by the bankrupt prior to the bankruptcy as a preference is not a "proceeding in bankruptcy," within the meaning of the bankruptcy act. If the application of the trustee in question can be upheld as a part of the proceedings in bankruptcy, then a suit to set aside a conveyance of real estate, or an action to recover real property, or any action at law or suit in equity against a third party claiming to own the property as against the bankrupt, might also be brought before the referee, and the only requisite to his jurisdiction would be that the bankrupt once owned the property sought to be recovered. This proposition cannot be assented to.

When a referee may, and when he may not, proceed summarily in bankruptcy proceedings before him, is well illustrated in two cases in the Supreme Court, viz. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; and Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413.

In the former of these cases the bankrupt, a few days before an involuntary petition was filed against him, and again on the same day it was filed, but a few hours before, transferred to his son over $14,300 in money. After the adjudication the son was cited by the referee to appear and show cause why he should not be required to turn this money over to the trustee. The son appeared and challenged the jurisdiction of the referee to make any order in the premises, but did not assert any claim to the money as his own or adverse to the bankrupt. The referee found from the evidence that the money belonged to the bankrupt and was held by the son only as agent or bailee of the bankrupt, and made an order requiring him to turn the same over to the trustee within a specified time. This order was sustained by the District Court upon a petition for review, but reversed by the Circuit Court of Appeals. It then came before the Supreme Court, and that court sustained the order of the referee and of the District Court approving the same, upon the ground that no adverse claim to the property was asserted by the son, and that, inasmuch as the money was a part of the bankrupt estate, it was within the rightful power of the referee to require it to be turned over to the trustee. Upon the question of the authority of the referee the Supreme Court said:

"There was no pretense that at the date of the filing of this petition in bankruptcy this money of the bankrupt * * * was held subject to any adverse claim, or that the right or title thereto had been passed over to another. The position now taken amounts to no more than to assert that a mere refusal to surrender constitutes an adverse holding in fact, and therefore an adverse claim when the petition was filed, and to that we cannot give our assent. But suppose that respondent had asserted that he had the right to possession by reason of a claim adverse to the bankrupt; the bankruptcy court had the power to ascertain whether any basis for such a claim actually existed at the time of the filing of the petition. The court would have been bound to enter upon that inquiry, and in doing so would have undoubtedly acted within its jurisdiction, while its conclusion might have been that an adverse claim, not merely colorable, but real, even though fraudulent and voidable, existed in fact, and so that it must decline to finally adjudicate on the merits. If it erred in its ruling either way, its action would be subject to

review. In this case, however, respondent asserted no right or title to the property before the referee, and the circumstances under which he held possession must be accepted as found by the referee and the District Court. The decisions of this court under the present law sustain the validity of the action we are considering."

While the order of the referee and of the District Court approving it were sustained, the cause was remanded to the District Court, with directions to take such further proceedings as it might be advised were proper to prevent any injustice being. done.

In the second of these cases Comingor was an assignee under a state statute for the benefit of the creditors of Simonson, Whiteson & Co. In administering the estate under the state statute he had incurred expenses to a large amount. Subsequently Simonson, Whiteson & Co. were adjudged bankrupts and a trustee of their estate was duly appointed. Various proceedings afterwards occurred in the state court and in the court of bankruptcy, the result of which was that Comingor was required to turn the fund over to the trustee in bankruptcy. In complying with this order he withheld his commissions as assignee, and the expenses incurred by him in the state court before the proceedings in bankruptcy were instituted, upon the alleged ground that he was entitled to them as against the bankrupts or the trustee. The referee subsequently ordered that he turn the amount of these over to the trustee also, and this order was approved on a petition for review, upon the ground that Comingor, by his acquiescence in the proceedings before the referee and in the court of bankruptcy without challenging the jurisdiction of either, had consented to their jurisdiction. The Supreme Court said:

"We have just held in Mueller v. Nugent, supra, that the District Court has power to ascertain whether in the particular instance the claim asserted is an adverse claim existing at the time the petition was filed, and according to the conclusion reached the court will retain jurisdiction or decline to adjudicate the merits. * * * In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where, in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review. We are of opinion that, even if Comingor could have consented to be pursued in this manner, he did not so consent. He was ruled to show cause, and the cause he showed defeated jurisdiction over the subject-matter; that is, jurisdiction to proceed summarily. He did not come in voluntarily, but in obedience to peremptory orders; and, although he participated in the proceedings before the referee, he had pleaded his claims in the outset, and he made his formal protest to the exercise of jurisdiction before the final order was entered. He had been restrained from settling his accounts in the state court in the action pending there, and the District Court, instead of dissolving the injunction, declining jurisdiction, and leaving the litigation to the state court, either in due course, or by plenary suit, adjudicated the merits and entered a peremptory order that he should pay over, disobedience of which order was punishable by commitment. We think that in this there was error, and that the Circuit Court of Appeals was right in its decree of reversal."

The rule deducible from these decisions is that, where a third party holds property at the time of the bankruptcy merely as agent or bailee of the bankrupt, he may be summarily required by the referee or the court of bankruptcy to turn the property over to the

trustee; but where he acquires the possession prior to the bankruptcy, and claims the right to hold the property as against the bankrupt or the trustee, then the authority of the referee, and of the court of bankruptcy in summary proceedings, is limited to determining whether the claim made is colorable merely, or is in fact adverse to the bankrupt, and according as it determines that question will it deny or retain jurisdiction of the controversy. First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051.

In the present case there can be no doubt that Burns Bros. set forth in their answer facts showing that they acquired possession of the property prior to the bankruptcy, and asserted a claim thereto adverse to the bankrupts, and offered evidence before the referee tending to support such claim. Upon this appearing, the referee should have declined to proceed further with the controversy and permitted the trustee to resort to a court of competent jurisdiction to recover the property, if he, or the creditors, should so elect.

The question remains: Does the failure of Burns Bros. to formally challenge the jurisdiction of the referee, after pleading the facts relied upon by them, confer upon him jurisdiction to summarily determine the merits of the controversy? The conclusion is that, under the ruling in Louisville Trust Co. v. Comingor, it does not. Obviously Burns Bros. appeared before the referee in response to a notice to show cause why the application of the trustee should not be granted. They did so appear, and set forth the facts, and offered testimony in support thereof, upon which they based their right to this property, and the facts so shown defeated the right or jurisdiction of the referee to determine the merits of the controversy. Their appearance was not voluntary; and if, instead of denying the right of the trustee to the property, the referee had decided against Burns Bros., it seems clear that upon a petition for review they could rightfully have formally challenged the jurisdiction of the referee, if that was necessary in addition to the facts pleaded and shown by them, and such challenge would have been timely, under the decision in Louisville Trust Co. v. Comingor.

The question presented is quite apart from any that may arise where property is taken from the possession of the bankrupt, or the court of bankruptcy, after the institution of bankruptcy proceedings, or where the court has acquired possession in the course of such proceedings. In case of the former, the court has the power summarily to require the return of the property to it. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183. And in the latter the power inheres in the court of bankruptcy, as in every court exercising equitable jurisdiction, to inquire and determine in a proper way the ownership of or right to the property in its custody, and award it accordingly. In re Rochford, 124 Fed. 187, 59 C. C. A. 388. And this, though the property may have been wrongfully seized and brought into its custody. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145.

In Re Moody (D. C.) 131 Fed. 525, this court went to the verge in sustaining the action of the referee in directing a receiver to take possession of the property, and the possession of the receiver pur-

suant to such direction, under the circumstances there shown. But the property there was in the possession of the bankrupt at the time of the filing of the petition in bankruptcy and the application for the appointment of the receiver, and he was dealing with it as his own to all outward appearances, and the effect of the holding of the referee was that the claim of the third party to it was fraudulent and colorable merely. The holding in that case should not be extended beyond the particular facts upon which it rests.

The trustee has not petitioned for a review of the order of the referee, nor does he join in that of the creditors. He represents the creditors of this estate, and should by all proper proceedings endeavor to protect their interests. If he neglects to do so, they may be permitted to prosecute in his name such proceedings as he should prosecute. Chatfield v. O'Dwyer, 101 Fed. 797, 42 C. C. A. 30. Why he has not petitioned for a review of the order in question does not appear; but the facts, as disclosed by the pleadings and the evidence before the referee, are such that it is proper that the order should be reviewed, and the petition of the creditors is permitted to stand for that purpose, the same as if presented by the trustee.

The conclusion is that the referee erred in determining the merits of the controversy between the trustee and Burns Bros. regarding the property in question. His order will therefore be vacated, and the matter referred back to him, with directions to dismiss the application of the trustee, without prejudice, however, to his right, if he or the creditors shall so elect, to bring an action in any court of competent jurisdiction, as provided in section 60b of the bankruptcy act as amended, to recover this alleged preference.

It is accordingly so ordered.