## In re HOEY, TILDEN & CO.

### Ex parte KAUFMANN.

(District Court, S. D. New York. November 17, 1922.)

1. **Bankruptcy ⊙⇒211—Suit to establish trust in specific property not superseded.**

   Suit in state court to establish constructive trust in specific property, when commenced before petition in bankruptcy was filed and receiver was appointed, was not superseded by bankruptcy proceedings, even though state court had not actually assumed custody of the res.

2. **Bankruptcy ⊙⇒391(3)—Receiver cannot have suit in personam against bankrupt stayed.**

   Bankrupt might have action in personam for money had and received pending when petition was filed stayed but not receiver in bankruptcy who has no interest in protecting bankrupt against such actions.

3. **Bankruptcy ⊙⇒319—Judgment in action pending when petition was filed not liquidation of claim.**

   Judgment, if obtained, in action in personam pending against bankrupt when petition in bankruptcy was filed, would not constitute liquidation of claim as against the bankrupt estate.

4. **Bankruptcy ⊙⇒211, 217(½)—Court held to acquire constructive possession of property by filing of petition, and suit subsequently brought should be stayed.**

   Where bill in another court to establish constructive trust in specific property was not filed until after filing of bankruptcy petition in bankruptcy court and appointment of receiver, such property was then in constructive possession of the bankruptcy court and protected against suits in other courts, and injunction against such suit will be granted.

5. **Bankrptcy ⊙⇒217(½)—Stay of action to establish trust in property in court's constructive possession within its inherent power.**

   Stay by bankruptcy court of suit in another court to establish constructive trust in specific property in bankruptcy court's constructive possession rests on court's inherent power to protect its possession, and is not dependent on Bankruptcy Act, § 11a (Comp. St. § 9595), authorizing stay of suits against bankrupt on dischargeable claims.

In Bankruptcy. In the matter of the bankruptcy of Hoey, Tilden & Co. On motion by one Kaufmann, receiver, for injunction against certain suits. Injunction granted as to one of such suits.

T. Langland Thompson, of New York City, for petitioner.

Rosenberg & Ball, of New York City, for trustee.

Carter, Ledyard & Milburn, of New York City, for New York Stock Exchange.

B. W. B. Brown, and Rounds, Hatch, Dillingham & Debevoise, all of New York City (Chester B. McLaughlin, Jr., of New York City, of counsel), for alleged bankrupts.

Pratt & McAlpin, of New York City, for J. Reed Lane, a creditor.

Edward D. Kelly, of New York City, for W. J. Ferguson.

Thomas H. Mahony, of New York City, for Marion Koster.

Henry H. Kaufman, of New York City, for the Receiver.

McReynolds & Hunter, of New York City, for James I. Brokaw.

LEARNED HAND, District Judge. [1] This motion affects two different suits, the dates being all important. The suit touching the Coffee Exchange seat was commenced on July 21, 1922, more than three weeks before the petition was filed and the receiver appointed herein, on August 15, 1922. As it was a suit to establish a constructive trust in specific property, it was not superseded by the bankruptcy proceedings. It is true that these would supersede insolvency suits in the state court (In re Diamond's Estate [C. C. A. 8th] 259 Fed. 70, 170 C. C. A. 138); or suits to administer partnership assets on dissolution (New River Coal Co. v. Ruffner [C. C. A. 4th] 165 Fed. 881, 91 C. C. A. 559). This is because bankruptcy is the exclusive means of administering and distributing the assets of an insolvent among his creditors. In Re Watts & Sachs, 190 U. S. 1, 27, 23 Sup. Ct. 718, 47 L. Ed. 933. The bankruptcy court may, and indeed must, draw to itself any such administration even by summary order when necessary, as in the case of assignments for creditors. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814.

There is, however, no case that I can find which holds that after a suit in rem has been started in a state court, bankruptcy proceedings are in a different position from any other judicial proceedings; or that the earlier court must yield because the later court is one of bankruptcy. Furthermore, it is not in this class of cases necessary that the earlier court should have actually assumed custody of the res before the second suit is commenced. It is enough that the first should be one in which custody could be assumed at any time after bill filed. Farmers' L. & T. Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Moran v. Sturges, 154 U. S. 256, 284, 14 Sup. Ct. 1019, 38 L. Ed. 981; Zimmerman v. So. Relle (C. C. A. 8th) 80 Fed. 417, 25 C. C. A. 518. Orinoco Iron Co. v. Metzel (C. C. A. 6th) 230 Fed. 40, 144 C. C. A. 338, was a case where the suit in rem had been commenced after petition filed and the decision turned on that fact. Therefore I can see no reason for staying the suit to reclaim the Coffee Exchange seat. A permanent injunction could issue only in case it were proper to protect the summary jurisdiction of this court;

a temporary injunction might issue until the trustee made himself a party. There is no need of this latter, because the receiver may intervene in the state suit until the trustee is appointed, and then the trustee be substituted.

[2, 3] It is true that there is joined in this suit an action against the bankrupt for money had and received. This is not in rem and is a dischargeable debt. The bankrupt might get a stay but not the receiver, who has no interest in protecting the bankrupt against suits in personam. The judgment, if obtained, would not be a liquidation of the claim against the estate which has no interest in the action. Therefore the receiver's motion is denied so far as concerns that suit.

[4] The Stock Exchange suit stands on a different basis. On August 15, 1922, the petition was filed and a receiver appointed. A bill similar to the Coffee Exchange suit was filed and a rule nisi obtained on the 16th to establish a trust upon the net proceeds of the Stock Exchange suit then held by the treasurer of the exchange. As the receiver had not obtained possession of these assets, the question depends upon whether the filing of the petition and the appointment of the receiver put these assets into the constructive possession of the court so as to protect them from any suits in rem and to draw all litigation into the bankruptcy court. There is, of course, no doubt that property held for the bankrupt without adverse claim may be summarily collected by the bankrupt court. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Bryan v. Bernheimer, supra. The question is not wholly clear whether, if a claim be made by a third person before petition filed against such a fund, the claim is adverse and prevents summary jurisdiction. In First National Bank v. Chic. T. & T. Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, the seed was in warehouse under receipt and the bankrupt had pledged the receipts. It was held that the bankruptcy court had no summary jurisdiction over the pledgees. The pledgees had not asserted any adverse claim before petition filed, though of course they had their pledges. In Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, the bankrupts had made a colorable lease to a warehouseman and pledged the receipts as in First National Bank v. Chic. T. & T. Co., supra. It was held that the District Court had jurisdiction under section 23b, Bankruptcy Act (Comp. St. 9607), without the defendant's consent, because as a bankruptcy court it could reduce to possession the bankrupt's assets. It is not clear whether this was because possession under the colorable lease was really the bankrupt's, or because possession for the bankrupt brought the property within the summary jurisdiction of the court. The court's reference to First National Bank v. Chic. T. & T. Co., supra, does not with deference go very far to distinguish the cases.

Copeland v. Martin (C. C. A. 5th) 182 Fed. 805, 105 C. C. A. 237, denies summary jurisdiction over the assignee of a debt acknowledged to be due the bankrupt. Of course, there can be no possession of a chose in action, but Orinoco Iron Co. v. Metzel (C. C. A. 6th) 230 Fed. 40, 144 C. C. A. 338, held that the filing of the petition brought within the custody of the court money held in the treasury of the United States payable to the bankrupts.

In Re Interocean Transp. Co. (D. C.) 232 Fed. 408, I thought that an adverse claim made against a fund after petition filed barred summary proceedings under the authority of First Nat. Bank v. Chicago T. & T. Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, and Copeland v. Martin, supra. I had not learned of Orinoco Iron Co. v. Metzel, supra, which was less than one month old at the time, and in any event the ruling was only a dictum because the receiver was not entitled to any stay for the other reasons given in the opinion.

Since Mueller v. Nugent, supra, Chief Justice Fuller's dictum (page 14 of 184 U. S.) that the filing of a petition is "an attachment and injunction," has been often repeated, Whitney v. Wenman, supra, 198 U. S. 552, 25 Sup. Ct. 778, 49 L. Ed. 1157; Lazarus v. Prentice, 234 U. S. 263, 266, 34 Sup. Ct. 851, 58 L. Ed. 1305; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 306, 32 Sup. Ct. 96, 56 L. Ed. 208; besides many cases in the lower courts. While title relates back only to adjudication, the analogy, of Farmers' L. & T. Co. v. Lake St. Rd. Co., supra, seems to be a sound one and to give primary jurisdiction to the bankruptcy court to determine all claims not only to property which is in the bankrupt's possession but to such as the court might have seized when the petition was filed. It is true that the plaintiff in the state suit made claim to the Stock Exchange on August 3d before petition filed, but it took no further action till the 16th. On filing the petition the bankruptcy court could therefore have compelled the Stock Exchange, which held the balance for the bankrupt without adverse claim, to pay that balance to itself, and could have enjoined any person from questioning that payment. This, it seems to me, is equivalent to saying that the bankruptcy court then came into constructive possession of the fund and that the adverse claim was not of one who was in possession but that it was against the possession of the court.

I must own that the question is by no means free from doubt and it is to be hoped that it may be authoritatively settled. On principle it appears to me that the reciever must succeed and that in my dictum in Re Interocean Transp. Co., supra, I neglected to give enough force to Whitney v. Wenman, supra, a later case than First National Bank v. Chic. T. & T. Co., supra. While it is, as I have said, possible to distinguish Whitney v. Wenman, supra, on the ground that the warehouseman's possession was not real, that does not appear to be the ground on which the court proceeded.

In Re Amy (C. C. A. 2) 263 Fed. 8, has nothing to do with a situation like this. The point there was that the trustee had no interest in the bonds to protect and could not conduct a proceeding merely to ascertain which of two outside parties was their owner.

[5] In conclusion it hardly needs to be mentioned that the stay in this case does not depend upon section 11a of the act (Comp. St. § 9595). It has nothing whatever to do with claims in personam against the bankrupt, i. e., with any "debts." It is part of the inherent power of any court to protect its lawful possession once acquired, and the only matter open to doubt is how far that possession extends.

The receiver may take an order perpetually enjoining the plaintiff

in the Stock Exchange suit from prosecuting the same and affirmatively directing such plaintiff to consent to the vacation of any injunction already obtained in the state court. Settle order on notice.