**In re H. M. KOURI CORPORATION.**

**IRVING TRUST CO. et al. v. DOMMERICH et al.**

**No. 256.**

Circuit Court of Appeals, Second Circuit.

July 5, 1933.

I. Gainsburg, of New York City (Asa S. Herzog, of New York City, of counsel), for appellants.

Proskauer, Rose & Paskus, of New York City (J. Alvin Van Bergh and Norman Goetz, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by L. F. Dommerich & Co., factors, from an order entered by the District Court, sitting in bankruptcy, enjoining them from prosecuting a suit brought in a state court against a trustee in bankruptcy without having obtained leave of the bankruptcy court. The purpose of the suit was to obtain an adjudication of the validity of a factor's lien claimed by the appellants on goods which had been sold by the trustee in bankruptcy pursuant to an order of the bankruptcy court and to impose such lien upon the proceeds of sale held by the trustee. The sale had been made under an order directing the trustee to hold the proceeds subject to the order of "this court or * * * of a court of competent jurisdiction as to the validity of" the alleged factor's lien. For an understanding of the questions presented, it is necessary to recite certain events which preceded the bringing of the appellants' suit.

In December, 1931, H. M. Kouri Corporation was adjudicated a bankrupt upon its voluntary petition. Irving Trust Company was forthwith appointed receiver and was subsequently elected trustee in bankruptcy. The bankrupt had theretofore conducted business as a dealer in oriental rugs upon premises held under lease. When its petition in bankruptcy was filed, there was upon its premises a stock of merchandise, upon a large part of which the appellants claimed a factor's statutory lien for moneys loaned. The factors claimed also to be in possession of such merchandise by reason of the fact that they held the keys to the premises and kept a custodian therein during the bankrupt's business hours. The receiver placed its own locks upon the premises, and thereafter joint action by the factors' custodian and the receiver was necessary to gain access to the premises. To avoid the inconvenience of this procedure, the receiver applied to the referee in bankruptcy for an order on the factors to remove their custodian and turn over their keys. Over their objection to jurisdiction, such an order was entered, "without prejudice to the validity of the alleged lien . * * * or the extent thereof." The order further restrained them from interfering with the possession of the receiver or of the trustee thereafter to be elected, and provided that no sale of the merchandise should be made by the receiver or trustee without order of the court and notice thereof to the factors. This order the District Court confirmed on January 29, 1932. No appeal was taken. Two weeks later, pursuant to a further order of the bankruptcy court, the rugs were sold free of liens, and the trustee in bankruptcy was directed to hold the proceeds of the sale subject to the demands of lien claimants " * * * to all intents and purposes as though the said property had not been sold, subject to the final order, judgment and decree of this court or the final order, judgment and decree of a court of competent jurisdiction as to the validity, bona fides and extent of said alleged liens." This order was made pursuant to a stipulation between the appellants and the trustee in bankruptcy, the terms of which do not appear in the record except in so far as they may be inferred from the above-quoted order. Five months thereafter L. F. Dommerich & Co. filed suit in the state court against the trustee, demanding that their lien be declared valid and they be adjudged entitled to receive the proceeds of the aforesaid sale. Summons was served upon the trustee. No permission to sue was obtained from the court of bankruptcy. Thereupon the trustee moved that prosecution of the suit be enjoined on the ground that the bankruptcy court had exclusive jurisdiction over the fund involved and the subject-matter of the action, the trustee alleging that it intends to bring proceedings in the bankruptcy court to adjudicate the rights of the parties to said fund. An injunction was granted, and the plaintiffs in the state suit have appealed.

It must be conceded that, if at the date of the filing of the petition in bankruptcy, possession of the goods upon which the appellants claimed a lien was in the bankrupt, their suit in the state court to establish and enforce their lien could not be maintained without the consent of the bankruptcy court. See Straton v. New, 283 U. S. 318, 321, 51 S. Ct. 465, 75 L. Ed. 1060; Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 738, 51 S. Ct. 270, 75 L. Ed. 645; Murphy v. John Hofman Co., 211 U. S. 562, 569, 29 S. Ct. 154, 53 L. Ed. 327; Fierman v. Seward Nat. Bank, 37 F.(2d) 11, 13 (C. C. A. 2); In re Schulte United, Inc., 49 F.(2d) 264 (C. C. A. 2); Vass v. Conron Bros. Co., 59 F.(2d) 969 (C. C. A. 2). Much of the argument of the appellants has been directed to an attempt to prove that the bankrupt did not have such possession. The appellee, however, contends that that issue was decided against them by the order of January 29, 1932, from which no appeal was taken, and that they are now precluded from raising the question. By that order the bankruptcy court took possession of the bankrupt's premises and of the merchandise therein. Whether that order was right or wrong

is of no concern in the present appeal, for the court had power to determine the question of possession upon which depended its jurisdiction to make its summary order. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 433, 44 S. Ct. 396, 68 L. Ed. 770. The appellants urge that that order did not determine that the bankrupt had possession of the merchandise in dispute because the admitted possession by the bankrupt of the leased premises and of the unpledged assets therein gave the court jurisdiction to order the factors to give up their keys, regardless of who was in possession of the merchandise upon which they claimed a lien. But the order went further; it not only directed the factors to turn over their keys and to remove their custodian from the premises, but it restrained them from "interfering with the possession of the receiver," and directed the receiver or the trustee not to sell the property without further order of the court. These provisions clearly indicate that the receiver was awarded exclusive possession of the merchandise in dispute, an order beyond the court's power to make if it had found that the factors were in possession. See First Nat. Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 S. Ct. 693, 49 L. Ed. 1051.

■ But, even if we should accept the appellants' contention that no finding of possession in the bankrupt at the date of petition may be inferred from the order of January 29th, their case would scarcely be advanced. For it is not denied that pursuant to this order the receiver gained exclusive possession of all merchandise within the premises, and that with the appellants' consent the merchandise upon which they claimed a lien was subsequently sold by order of the court of bankruptcy and their claim transferred to the proceeds of sale in the hands of the trustee. Surrender of possession to the court of bankruptcy would give the court jurisdiction to administer the property. See T. E. Wells & Co. v. Sharp, 208 F. 393, 396 (C. C. A. 8); Ft. Dearborn Trust & Savings Bank v. Smalley, 298 F. 45, 50 (C. C. A. 8). Compare In re Petronio, 220 F. 269 (C. C. A. 7), where there was no consent to the sale; First Nat. Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 S. Ct. 693, 49 L. Ed. 1051, where the proceeds of sale were deposited with the claimant; Frank v. Vollkommer, 205 U. S. 521, 27 S. Ct. 596, 51 L. Ed. 911, where the proceeds were deposited as a special fund. Therefore, if the order of January 29th did not adjudicate possession of the goods to have been in the bankrupt, we think voluntary compliance with the order and consent that the court sell the property and the trustee hold the proceeds of sale gave the bankruptcy court jurisdiction to administer the fund.

■ But, were both of the foregoing questions to be decided otherwise, the appellants could not prevail, for, if we were to determine who had possession at the date of the filing of the petition in bankruptcy, it would have to be determined adversely to the factors. The agreement under which the factors claim does not purport to create a possessory lien, as in Boise v. Talcott, 264 F. 61 (C. C. A. 2), but contemplates a statutory lien under section 45 of the New York Personal Property Law (Consol. Laws, c. 41). Various terms of the agreement clearly indicate that, although physical possession is to remain in the bankrupt, the factors are to have their lien. Their right to inspect the merchandise and books of account, to approve or veto the credit of customers to whom the bankrupt should sell, and to have custodians in the place of business "at all times during business hours" are devices to prevent the bankrupt from transferring its possession without their consent rather than indications that they are to have possession. By turning over the keys, the bankrupt went beyond the express terms of the contract, but the significance of the act must be viewed against the background of the agreement and the fact that part of the merchandise within the premises was goods upon which the factors claimed no lien and of which admittedly there was no intention to give them possession. Under the circumstances disclosed by this record, we should find that the bankrupt retained possession of the goods in question. Therefore, as indicated by the authorities cited at the beginning of this opinion, the appellants could not maintain their suit without leave of the bankruptcy court.

Accordingly, the order appealed from is affirmed.