## WALLACE v. JEFFERSON COUNTY SAVINGS BANK.

(Circuit Court of Appeals, Fifth Circuit.   December 3, 1907.)

No. 1,627.

BANKRUPTCY—JURISDICTION OF BANKRUPTCY COURT—PROCEEDINGS BY TRUSTEE.
      Under Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1028], which gives a court of bankruptcy concurrent jurisdiction of suits by a trustee to recover preferences or property transferred in fraud of creditors, such a court may entertain a proceeding by petition of a trustee filed in a bankruptcy proceeding against a bank to determine its right to the proceeds of an insurance policy assigned to it by the bankrupt within four months prior to the bankruptcy and after a loss, where no objection is made to the form of the proceeding.
      [Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition to Superintend and Revise Proceedings in the District Court of the United States for the Northern District of Alabama, in Bankruptcy.

Sterling A. Wood, for petitioner.

George Huddleston, for respondent.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PARDEE, Circuit Judge.   The case fully appears by the findings and order of the District Court, and is brought here for review as follows:

"In the Matter of A. T. Killian, Bankrupt.
"In Bankruptcy.

"The above cause coming on to be heard upon the petition of John H. Wallace, trustee, and of the Consolidated Grocery Company for the review of an order made by Hon. F. S. Ferguson, referee, herein on April 4, 1905. In this case it appears that in April, 1904, Killian, the bankrupt, then engaged in the merchandising business, sustained the loss of his goods by fire, having $2,000 insurance thereon. On May 5, 1904, he borrowed $400 from Jefferson County Savings Bank, assigning the insurance policies as security. On May 18, 1904, the insurance loss was adjusted at $1,850, and thereupon Killian procured

an additional $750 from the bank, and assigned absolutely, and delivered the policies to it.   Other parties had goods on deposit with Killian at the time of the fire to the amount of the difference between $1,150, paid by the bank to Killian, and the amount at which the loss was adjusted, and these parties claimed to be protected by the insurance policies, which claim was recognized by Killian. who assigned the policies to the bank with the agreement that the bank would receive $1,150 of the proceeds, should collect the entire amount of the adjusted loss, and pay the remainder to the parties having goods deposited.   It further appears that Killian became a voluntary bankrupt on June 1, 1904, and Wallace was appointed trustee for his estate; that Wallace thereupon, without notice to the bank, procured an order of court to be made, requiring the insurance companies to pay the amount of the adjusted loss to him, which they did, paying him the amount of $1,850; that on July 6, 1904, after the money had been paid to the trustee, the referee, on the trustee's motion, issued a notice to the bank, requiring it to appear and propound its claim to the money collected by the trustee from the policies.   The bank appeared in response to this notice, and protested against and denied the jurisdiction of the court, setting up the fact that it claimed the policies in good faith adversely to the bankrupt's estate.   The bank's answer also set up the fact of the assignment of said policies to it absolutely, and the circumstances attending same.   The referee overruled the answer so far as same questioned its jurisdiction, but, hearing said matter on the merits, found that the pledge of the policies to the bank was good in so far as the $1,150 advanced by it was concerned, and that it was entitled to be paid said amount from the proceeds in the hands of the trustee.   From this order the trustee's petition for review is filed.   Under authority of First National Bank of Chicago v. Chicago Title & T. Co., 14 Am. Bankr. Rep. 102, 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, it appears that the bank's objection to the jurisdiction of the court should have been sustained, and that the trustee should be required to return the entire proceeds of the policies to the insurance companies from which he received same.   The following order will, therefore, be entered:   It is ordered and decreed that this court has and had no jurisdiction in a summary proceeding to pass upon the claim of the bank to said policies, and it is further ordered that the bank's objection to the court's jurisdiction should have been sustained, and same is hereby sustained and the proceedings whereby the bank was ordered to propound in this court its claim to the proceeds of the insurance policies be and the same are hereby dismissed; and that the trustee, John H. Wallace, pay to each of the insurance companies from which same was collected the amount received by him from them.   It is not intended hereby to preclude the trustee from bringing such suits as he may be advised to determine the validity of the assignment of the policies to the Jefferson County Savings Bank.   And nothing is herein decided as to the validity or merits of the contentions of the respective claimants of the funds.
"October 25, 1906."

First National Bank of Chicago v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051 (14 Ab. R. 102), and other cases to the same purport cited in the briefs, were decided by the Supreme Court under the original bankruptcy law of 1898 (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), and would be controlling in the instant case but for the amendments to said law by Act Feb. 5, 1903, c. 487, 32 Stat. 798 [U. S. Comp. St. Supp. p. 1028] as follows:   In relation to the jurisdiction of suits by trustees, section 23, subd. "b," was amended so as to read:

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision 'b,' and section sixty-seven, subdivision 'e.' "

Section 60, subd. "b," in relation to preferences, was amended by adding as follows:

"And for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

And section 67, subd. "e," in relation to fraudulent transfers, was amended by adding:

"For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

These amendments are made applicable only in cases of bankruptcy commenced after the passage of the act.

As Killian was adjudged a bankrupt in June, 1904, and as the transfer of the insurance policies was made to the Jefferson County Savings Bank within four months prior thereto, the trustee in bankruptcy had a right to demand payment from the insurance companies, and to contest Killian's transaction with the Jefferson County Savings Bank either as an unlawful preference under section 60, or as a fraudulent transfer under section 67; and we think it clear that, under the bankruptcy act as amended, the District Court sitting in bankruptcy had jurisdiction to entertain the contest of the trustee and decide upon the merits thereof. It may be that the Jefferson County Savings Bank could have insisted upon a plenary suit, but in all the objections made by the bank in the District Court and before the referee we find no such insistence. Our examination of the record leads us to the conclusion that the referee properly decided the issues before him and made the proper order in the premises.

It follows that the petition for revision should be allowed and a decree entered vacating the order of the District Court, and approving the order and findings of the referee as to the full payment of the claim of the Jefferson County Savings Bank.

And it is so ordered, the costs of this proceeding to be paid by the bankrupt's estate.