### In re STEWART.

(Circuit Court of Appeals, Sixth Circuit.  May 3, 1910.)

#### No. 2,007.

1. BANKRUPTCY (§ 293*)—JURISDICTION OF COURT—ACCOUNTING BY ASSIGNEE FOR BENEFIT OF CREDITORS—POWER TO MAKE SUMMARY ORDER FOR SURRENDER OF PROPERTY.

A general assignment for the benefit of creditors under a state law does not constitute the grantee an assignee for value, but merely makes him the agent of the assignor for the distribution of the proceeds of the property, and being such agent his possession is that of his principal, and, as to property or its proceeds remaining in his possession after the bankruptcy of the assignor, he does not hold adversely to the latter's trustee by the mere fact of such possession; and where he voluntarily, or in obedience to an order of the state court without objection, submits his account to the bankruptcy court, such court has jurisdiction to settle his accounts and to make a summary order requiring him to turn over such property or funds to the trustee, notwithstanding his claim to credits on account of commissions, extra services, and bills for legal services and expenses incurred but not paid. As to sums which have been actually paid out by him, however, the court may properly remit the trustee to a plenary action for their recovery.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** BANKRUPTCY (§ 484*)—ASSIGNEE FOR BENEFIT OF CREDITORS—SERVICES AND EXPENSES INCURRED AFTER BANKRUPTCY.

Where an assignee for the benefit of creditors retained possession of the property for some years after the filing of a petition in bankruptcy against the assignor and until final adjudication and the appointment of a trustee, no receiver having been appointed, he may not improperly be treated as to the settlement of his accounts as a quasi receiver and allowed compensation for such services and disbursements as benefited the estate, but his right to commissions should be determined by the bankruptcy act rather than the state statute.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 484.*]

**3.** BANKRUPTCY (§ 446*)—PROCEEDINGS TO REVISE—MATTERS REVIEWABLE.

In a proceeding to revise under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), the Circuit Court of Appeals is limited to a review in matter of law and cannot determine questions of fact involved in the finding or order sought to be reviewed, where there is any evidence to support such finding or order.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*]

**4.** BANKRUPTCY (§ 471*)—ASSIGNEE FOR BENEFIT OF CREDITORS—EXPENSES INCURRED IN RESISTING ADJUDICATION.

An assignee for the benefit of creditors, on an accounting after his assignor has been adjudicated a bankrupt, is not entitled to an allowance from the funds in his hands for expenses incurred in resisting the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 471.*]

Petition to Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Ohio, in Bankruptcy.

In the matter of Otho L. Hays, bankrupt. Petition by Gilbert H. Stewart to revise an order of the District Court. Affirmed.

G. H. Stewart, for petitioner.

J. N. Van Deman, for respondent.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. This is a proceeding under section 24b of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) to revise an order of the District Court affirming the order of the referee in bankruptcy stating the account of petitioner, as assignee under the Ohio state law of the bankrupt Otho L. Hays, and requiring petitioner to pay over to the trustee in bankruptcy the sum of $4,086.61, found by the referee to be in petitioner's possession and belonging to the estate of the bankrupt. The facts are these: The assignment from Hays to petitioner was made April 29, 1904. The assignee entered at once upon the performance of his duties under the assignment. Petition in bankruptcy was filed July 16, 1904, and thus less than three months after the assignment, the act of bankruptcy alleged being the assignment in question. The assignee resisted the petition for the adjudication in bankruptcy, carrying the contest through the District Court and into this court, where the decision of the District Court adjudicating Hays a bankrupt was affirmed. Hays v. Wagner, 150 Fed. 533, 80 C. C. A. 275. The ad-

judication in bankruptcy was first entered as of July 14, 1905. It was later entered as of December 26, 1905. Final adjudication was made March 15, 1907, under order of affirmance made by this court. A trustee was thereupon appointed. Meanwhile, there had been no receivership in the bankruptcy proceedings, the assignee being allowed to remain in possession of the assets. The assignee not having filed in the state court any account or report of his doings as assignee, that court, upon application of the trustee, ordered the petitioner to file his account in the District Court. The latter court, upon the application of the assignee, made an order to the same effect. Petitioner then filed his account in the District Court, showing receipts amounting to $18,131.17 (about two-thirds of which was for rentals collected through an agent), and claiming credits amounting to $12,409.72. The surplus of receipts over claimed credits, viz., $5,721.45, was, in connection with the filing of the account, turned over to the trustee. The items of the claimed credits were these: (1) Disbursements from April 30, 1904, to June 8, 1907, consisting largely of repairs, insurance, taxes, and commissions paid for collecting rents on real estate, together with $737.40 on account of the dower interest of the bankrupt's wife all amounting to $6,657.03. This item was allowed by the referee in full. (2) Disbursements consisting largely of expenses directly connected with the administration of the trust, amounting to $618.24. This item was allowed in full by the referee. (3) A claim for commissions of the assignee upon moneys received and disbursed by him, computed according to the Ohio assignment statute, amounting to $483.25. This item was allowed by the referee at $321.64 (the amount provided by the bankrupt act), being a reduction of $161.61. (4) The bill of the law firm of Stewart & Stewart, of which firm petitioner was the senior member, for attorney's fees connected with the administration under the assignment, amounting to $370. This item was allowed in full. (5) The bill of said law firm of Stewart & Stewart for further legal services in proceedings under the assignment, the largest item being in connection with the sale of real estate and the report and confirmation of the same. This bill amounted to $360. This item was allowed at $185, being a reduction of $175. (6) The bill of Stewart & Stewart for professional services and advice in resisting the proceedings for adjudication in bankruptcy, $250. This item was entirely disallowed as a lien or preferred claim. (7) Expenses and disbursements of Stewart & Stewart in defending against said adjudication in bankruptcy, $270.92. This item was disallowed in toto. (8) The claim of the assignee for extra compensation for extraordinary services in administering the assignment, $3,500. This claim was disallowed in toto. The disallowed items of claimed credits amounted to $4,086.61, exclusive of the $270.92 actually disbursed by the assignee in connection with the resistance to the bankruptcy proceedings. The referee found that the assignee had in his hands this amount of $4,086.61 belonging to the estate of the bankrupt, and ordered its payment to the trustee in bankruptcy, directing the trustee to institute plenary suit for the $270.92, as not in the hands of the assignee. It is the affirmance of this order which the assignee seeks to have reviewed. The trustee also asks a review of certain items in

the assignee's account, which were allowed by the referee against the trustee's objection.

The assignee contends in this court that the referee in bankruptcy had no jurisdiction by summary proceeding to direct an assignee appointed under the state law to turn over to the trustee in bankruptcy the funds to which he claims the right to credit, on account of commissions, compensation for extra services, and bills for legal services and expenses. This contention rests upon the proposition that the claim of the assignee is adverse to the estate of the bankrupt. There is no doubt that if the claim presented by the assignee is an adverse claim within the meaning of the decisions, the District Court had no jurisdiction by summary proceeding to require the turning over of the moneys to the estate of the bankrupt as against the assignee's objection to the jurisdiction of the bankruptcy court. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; First Nat. Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051. But in our opinion, upon the case presented on this review, the District Court had jurisdiction to make the order complained of. The assignment by Hays to Stewart did not constitute the latter an assignee for value, but simply made him the agent of Hays for the distribution of the proceeds of the property among the latter's creditors. Being such agent his possession was that of the principal, and he therefore did not hold adversely to the bankrupt or to the latter's trustee by the mere fact that he held in his hands funds received by him under the assignment. Bryan v. Bernheimer, 181 U. S. 188, 192, 193, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 17, 22 Sup. Ct. 269, 46 L. Ed. 406. The assignee contends that this case is ruled by Louisville Trust Co. v. Comingor, supra, in which, under the facts there presented, the bankruptcy court was held to have no jurisdiction to make an order for the surrender by an assignee of moneys which had been received by him under the assignment. The Comingor Case differs from the case before us in these respects: In that case the assignee denied the jurisdiction of the bankruptcy court, and showed in defense to the proceeding to require him to pay over the moneys in question that previous to the commencement of the bankruptcy proceedings he had actually disbursed the entire amount by way of commissions retained by him as compensation and through payments to his attorneys, and that he was utterly unable to recover or repay any part of such moneys. He therefore could not comply with an order for surrender, and as pointed out by this court in the opinion of Judge Severens, imprisonment must inevitably follow the order for surrender. Ex parte Comingor, 107 Fed. 898, 907, 47 C. C. A. 51. As stated by Mr. Chief Justice Fuller:

"He (Comingor) was ruled to show cause, and the cause he showed defeated jurisdiction over the subject-matter, that is, jurisdiction to proceed summarily. He did not come in voluntarily, but in obedience to peremptory orders, and although he participated in the proceedings before the referee, he had pleaded his claims in the outset, and he made his formal protest to the exercise of jurisdiction before the final order was entered."

In the case we are considering, of the $18,000 and upwards received by the assignee there came into his hands previous to the proceedings

in bankruptcy but $808.12. The accounts presented by him show that he had disbursed previous to the bankruptcy proceedings but $166. We find no assertion in the record that he has ever paid the claims of Stewart & Stewart for legal services (except the sum of $99.72, not in controversy) or any of the claims in controversy here except the expenses (as distinguished from legal services) connected with the resistance to the bankruptcy proceedings. The record is express that upon the proceedings for the settlement of his accounts before the referee, the assignee stated in open court, that the entire receipts, less certain disbursements which were allowed by the referee "should be treated as cash now in the hands of the assignee." The order of the referee is for the surrender to the trustee by the assignee of the "sum of four thousand eighty-six and sixty-one one-hundredths dollars ($4,086.61) so as aforesaid in his possession and belonging to said estate." Under the facts presented on this record the assignee must be held to have expressly consented to the jurisdiction of the bankruptcy court. The probate court, which before the bankruptcy would have had jurisdiction of the accounting by the assignee, upon adjudication in bankruptcy being made, and on the application of the trustee, had directed the assignee to render his accounting to the bankruptcy court. The assignee, in his brief in this court, says:

"Thereafter said petitioner (the assignee) in pursuance to said order, and of the order of the District Court made at the request of the assignee did file his final account in said District Court," etc.

The referee's order recites that the details of the trust are found at the request of the said Gilbert H. Stewart, and the certificate of the referee to the District Court speaks of the assignee's final account as prepared and filed in accordance with the order of the probate court in pursuance of the motion filed in said court by the trustee, and "of the orders of this court made at the request of the assignee." The record thus not only indicates that the assignee did not object to the jurisdiction of the bankruptcy court, but that he expressly consented thereto, and even finally invoked its aid. We find nothing in the record indicating any dissent from the jurisdiction of the bankruptcy court until after the order of surrender was made. It is true that the assignee did not consent to the order of surrender. But unless the balance, if any, actually found in the assignee's hands to belong to the bankrupt's estate was to be treated as subject to the orders of the bankruptcy court, the accounting was an idle ceremony. The manifest object of the accounting was to require the surrender by the assignee of such sums as should be found in his hands belonging to the bankrupt's estate.

The Comingor Case is cited as deciding that assent alone cannot confer jurisdiction to entertain summary proceedings. In that case Mr. Chief Justice Fuller said that so far as the petitioner's implied consent to the proceedings had against him—

"rested on the contention that as Comingor was joined with the bankrupts in the petition for adjudication, he therefore continued to be subject to the orders of the court without other process, we agree with the Circuit Court of Appeals that it cannot be sustained."

On the other hand in Bryan v. Bernheimer, supra, the purchaser under the assignee's sale, who was summoned to propound his claim to the property in question, came in and propounded his claim asking for such orders as might be necessary for his protection. Mr. Justice Gray there said:

"Moreover, the consent of the proposed defendant Bernheimer to this mode of proceeding is shown by the terms of his claim, in which no protest against the jurisdiction of the court of bankruptcy is made. He expressly submitted his claim to that court and asked for such orders as might be necessary for his protection."

The relation of the assignee to the estate of the bankrupt made it manifestly proper that he render his account to the bankruptcy court, and have there determined the questions of his compensation and disbursements in executing the trust. We have no doubt that the action taken by the assignee was fully tantamount to an express consent to the jurisdiction of the bankruptcy court, and that that court had ample authority in the premises. In re Murray (2d Cir.) 128 Fed. 575, 576, 63 C. C. A. 217 (see Murray v. Wilson, 194 U. S. 632, 24 Sup. Ct. 856, 48 L. Ed. 1159); In re Hecox (8th Cir.) 164 Fed. 823, 826, 90 C. C. A. 627. See, also, Wallace v. Jefferson County Savings Bank (5th Cir.) 157 Fed. 838, 85 C. C. A. 202. This brings us to the question whether the court below reached a correct conclusion as to the several items of claims for services and disbursements in question. And first as to the items whose reduction is complained of by the assignee. The referee took the view that under the decision in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, the assignee was entitled to compensation for such services and disbursements as he had made which benefited the estate. In view of the relations of the assignee to the estate subsequent to the filing of the petition in bankruptcy, he included in the same rule the services and disbursements up to the time of the appointment of the trustee in bankruptcy. In our opinion the referee took the right view. It is true that after the filing of the petition in bankruptcy the assignee took the risk of having his proceedings under the assignment set aside, but as no application for receivership was made, the assignee may not improperly be treated (with respect to the settlement of his accounts) as a quasi receiver during the pendency of the proceeding for adjudication in bankruptcy. The referee took the view, and we think correctly, that the right to commissions under the Ohio statute, rather than under the bankruptcy act, was not a matter of fixed legal right, inasmuch as the assignment had never been completed and had in fact existed but a short time previous to the institution of the bankruptcy proceedings. The referee made carefully prepared findings of fact and of law accompanied by a summary of the evidence. In his findings of fact and opinion the referee says:

"It is hard to find any extraordinary services performed by the assignee. Indeed, the evidence is wholly devoid of any fact of extraordinary services."

And again with reference to the same claim:

"The court finds that there were no such services rendered by said assignee, and no services rendered that have not been fully compensated in the

allowance heretofore made herein, and the same is therefore wholly rejected and disallowed."

The district judge, in his opinion upon review of the referee's order, used this language:

"My general observation as to the finding of the referee is that he was most generous to the assignee, and that he strained the law to the utmost, if, indeed, he did not exceed the legal proprieties of the case in making the allowances which were by him made. In view of my knowledge of this case which, in some of its phases was presented to me, especially in the hearing on the question of the right to adjudicate Hays a bankrupt, I am disinclined to find fault with the amount which he referee allowed. I think that the result which he arrived at, after a most careful and painstaking hearing and review of the case, ought to be sustained."

The order of the District Court expressly affirmed the findings of the referee. We are urged to reverse these findings and to determine the questions of the assignee's right to further compensation and to the disbursements in question in accordance with the assignee's contentions. But in a proceeding to revise under section 24b this court is limited to a review in matter of law, and only questions of law arising out of the facts found or conceded can be considered. We cannot determine questions of fact involved in the finding or order sought to be reviewed. We call attention to the following decisions of this court and of the Supreme Court: Journal Printing Co. v. Brewing Co., 101 Fed. 699, 703, 41 C. C. A. 614; In re Taft, 133 Fed. 511, 513, 66 C. C. A. 385; In re Throckmorton, 149 Fed. 145, 146, 79 C. C. A. 15; Mueller v. Nugent, 184 U. S. 1, 9, 22 Sup. Ct. 269, 46 L. Ed. 405; First Nat. Bank v. Title & T. Co., 198 U. S. 280, 291, 292, 25 Sup. Ct. 693, 49 L. Ed. 1051.

There is testimony supporting the findings of the referee as to the facts on which he based his conclusions of law. We therefore cannot consider the question of the assignee's right to compensation for alleged unusual services, nor the propriety of reducing the amount claimed by the bills of Stewart & Stewart. The only legal question undisposed of by what we have already said relates to the assignee's claim for credit on account of expenses and disbursements in resisting the adjudication in bankruptcy. We think it clear that the assignee has no lien upon the funds by way of a preferred claim for expenses for resisting this adjudication. Randolph v. Scruggs, supra; Pratt v. Bothe (6th Cir.) 130 Fed. 670, 675, 65 C. C. A. 48. The exceptions of the trustee relate to (1) a premium of $50 paid upon the assignee's bond after the adjudication in bankruptcy; (2) certain of the attorney's fees of Stewart & Stewart allowed by the referee; (3) the allowance of any commission, and (4) the contention that the assignee should be compelled in this proceeding to repay to the trustee the disbursements which were made in resisting the adjudication in bankruptcy. What we have already said sufficiently disposes of the first three items. As to the fourth item, it is enough to say that the trustee is by the order complained of given an ample remedy for its recovery; and there is no occasion for modifying the order in this respect.

The order of the District Court is affirmed.