### SILBERBERG v. RAY CHAIN STORES, Inc.

#### Appeal of WINNE et al.
#### No. 4825.

Circuit Court of Appeals, Third Circuit.
May 3, 1932.

Merritt Lane, of Newark, N. J., for appellants.

Wm. Harris, of Newark, N. J., for appellee.

Samuel Kaufman and David H. Bilder, both of Newark, N. J., and Arthur Leonard Ross, of New York City, amici curiæ.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, J.

The United States District Court of New Jersey, sitting in equity, appointed the present appellants receivers of the Ray Chain Stores, Inc., a corporation of New Jersey. Subsequently the same court, sitting in bankruptcy, on petition, adjudged the company bankrupt. Thereafter, the receivers, in the equity proceeding petitioned the court to fix compensation for them and their counsel. The trustee in bankruptcy opposed the peti-

tion, contending the court in equity had no jurisdiction or power to grant the petition by reason of the court in bankruptcy having taken exclusive jurisdiction. The court below agreed with this latter contention and made an order "that the application to fix the fees of the equity receivers and their solicitor in this cause be and the same is hereby denied." It further directed that such receivers make their application for fees, etc., to the referee in bankruptcy. Thereupon the equity receivers took this appeal.

After argument and due consideration had, this court reached the conclusion that the court below committed no error in making the order appealed from. The case was assigned for opinion, but, owing to the pressure of work, its preparation was delayed until such time as a comprehensive discussion of the authorities bearing on the important jurisdictional question could be prepared. This court felt such an opinion should be prepared, not only on account of the importance of the question, but out of due regard to elaborate briefs and able arguments made, not only by the parties immediately concerned, but by counsel representing the widespread interests concerned, who, by the consent of the court, had appeared and taken part in the discussion of the case.

Pending the preparation of the opinion, the case of Moore v. Scott, 55 F.(2d) 863, has been decided by the Circuit Court of Appeals of the Ninth Circuit. That decision is in accord with the conclusion we had reached, and the complete summary of authorities and of the jurisdictional case involved made in its exhaustive opinion really leaves nothing for this court to say save by way of repetition. Basing our conclusion on the authorities there cited as well as others that might be added, we limit ourselves to affirming the order appealed from and dismissing the appeal.