### In re CROSBY STORES, Inc.

### GROSS et al. v. IRVING TRUST CO. (two cases).

### WEISMAN et al. v. SAME.
#### Nos. 5009–5011.

Circuit Court of Appeals, Third Circuit.
Nov. 17, 1932.

Merritt Lane, of Newark, N. J., for appellants.

Samuel Kaufman and Bilder & Bilder, all of Newark, N. J., and Arthur Leonard Ross, of New York City, for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are appeals from an order of the District Court for the District of New Jersey sitting in bankruptcy. The facts are undisputed and are as follows:

Crosby Stores, Inc., operated a chain of stores in New York and New Jersey. A bill of complaint was filed in September, 1931, in the Court of Chancery of New Jersey for the appointment of a receiver for Crosby Stores, Inc., under section 65 of the General Corporation Act of New Jersey, Revision of 1896, as amended by P. L. 1931, p. 545 (Comp. St. Supp. § 47—65). On October 13, 1931, the Court of Chancery of New Jersey appointed receivers who took possession of the corporation's assets in New Jersey and continued to operate the two New Jersey stores, buying and selling merchandise and incurring obligations. On October 14, 1931, an involuntary petition in bankruptcy was filed in the District Court for the Southern District of New York against Crosby Stores, Inc., and the Irving Trust Company was appointed receiver in bankruptcy by that court. The corporation was adjudged a bankrupt on October 30, 1931, and on December 1, 1931, the Irving Trust Company was continued in office as trustee in bankruptcy. The trustee sold all of the assets of the bankrupt, including the two stores in New Jersey. On December 14, 1931, the Court of Chancery of New Jersey made allowances aggregating $10,350 to its receivers and their counsel. The District Court for the District of New Jersey, upon petition by the trustee in bankruptcy, in a summary proceeding upon a rule to show cause, ordered the state court receivers and their counsel to turn over to the trustee in bankruptcy all of the assets of the bankrupt estate in their possession, together with the allowances paid to them; to file their accounts in the District Court sitting in bankruptcy; and to have their compensation and fees fixed by that court. The state receivers then took this appeal.

The question presented is: Did the Court of Chancery of New Jersey have the power to fix the compensation of its receivers and the fees of their counsel after bankruptcy had intervened within four months of the date of filing the bill of complaint in the state court and the appointment of the receivers by the state court?

A similar question was decided by this court in Silberberg v. Ray Chain Stores, Inc., 58 F.(2d) 766 (certiorari denied October 17, 1932, Winne v. Silberberg, 53 S. Ct. 83, 77 L. Ed. ——. In that case the District Court for New Jersey sitting in equity appointed receivers who applied to it for compensation. Bankruptcy intervened prior to the petition for compensation. The District Court sitting in equity denied the petition, holding that after bankruptcy any application for the receivers' compensation and the fees of their counsel should be made to the District Court sitting in bankruptcy. We sustained the District Court, following the decision of the Ninth Circuit in Moore v. Scott (C. C. A.) 55 F. (2d) 863. Although in the instant case the disputed jurisdiction is between a state court of chancery and a federal court of bankruptcy, the principle involved is the same as that in the Silberberg Case. Congress has vested the jurisdiction in bankruptcy in the federal courts and has made this jurisdiction exclusive in the interests of the insolvent estate and the preservation of the rights of both secured and unsecured creditors. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed.

**814**

1060. Applying the rulings of Moore v. Scott, supra, and authorities cited therein, and our own ruling in Silberberg v. Ray Chain Stores, supra, we reach the conclusion that the state court lost jurisdiction to fix the compensation of the receivers and the fees of their counsel after the bankruptcy court acquired jurisdiction. The language of the Supreme Court in Lion Bonding & Surety Co. v. Karatz, 262 U. S. 640, 43 S. Ct. 641, 642, 67 L. Ed. 1151, is persuasive. Mr. Justice Brandeis there said: "Even where the court which appoints a receiver had jurisdiction at the time, but loses it, as upon supervening bankruptcy, the first court cannot thereafter make an allowance for his expenses and compensation. He must apply to the bankruptcy court."

The state receivers contend that recovery of the compensation and fees already allowed could be had by the trustee only in a plenary suit and that the District Court had no jurisdiction in a summary proceeding to order them to account to the trustee. On this point we quote the opinion of the Sixth Circuit in Re Diamond's Estate (C. C. A.) 259 F. 70, 74:

"The question of ultimate importance is whether or not the petitioner, at the time bankruptcy intervened, was holding the fund in question adversely to the bankrupts or their estate. If so, jurisdiction by summary proceeding was lacking. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413. On the other hand, there was jurisdiction to compel the surrender of the fund, if not so adversely held. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405. It is well settled that the possession of an assignee for the benefit of creditors is not adverse to the bankrupt or his estate. Bryan v. Bernheimer, 181 U. S. 188, 192, 193, 21 S. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, supra, 184 U. S. at page 17, 22 S. Ct. 269, 46 L. Ed. 405; In re Stewart (C. C. A. 6) 179 F. 222, 225, 102 C. C. A. 348; In re Neuburger [(C. C. A.) 240 F. 947], supra. In such case it is held that the adjudication in bankruptcy automatically and of its own force avoids the assignment and terminates the right of possession by the assignee. While the possession of the state court's receiver differed in some respects from that of an assignee for the benefit of creditors, in that the latter holds merely as an agent or representative of the bankrupt himself, yet we think the difference not conclusive. When bankruptcy intervened, the receiver was holding not in his own right, but merely in an official capacity and as the hand of the court, and not, we think, adversely to the bankrupts or their estate, within the meaning of the law. In re Watts & Sachs, supra, 190 U. S. at page 27, 23 S. Ct. 718, 47 L. Ed. 933; Hooks v. Aldridge (C. C. A. 5) 145 F. 865, 76 C. C. A. 409; In re Hecox (C. C. A. 8) 164 F. 823, 90 C. C. A. 627. Had the state court made before bankruptcy an order for compensation, and had disbursement thereunder been made before the commencement of bankruptcy proceedings (as was the case in Louisville Trust Co. v. Comingor, supra), the situation would have been different.

"The fact that petitioner disbursed the $1,175 fund under the state court's order of October 29th did not convert a formerly nonadverse holding into one of an adversary character; for he then knew of the bankruptcy proceedings and of the efforts of the bankruptcy court then and there being made to prevent such action. Bryan v. Bernheimer, supra, 181 U. S. at pages 191 and 193, 21 S. Ct. 557, 45 L. Ed. 814."

We are in entire accord with the reasoning and conclusions thus expressed.

The order of the District Court is affirmed.