## COHEN v. ALOCO OIL CO. et al.
### No. 35 Civil.

District Court, N. D. Texas,

Lubbock Division.
July 21, 1939.

Grisham & King, of Abilene, Tex., for plaintiff.

Watkins & Mays, of Dallas, Tex., and Crenshaw & Dupree, of Lubbock, Tex., for defendant Aloco Oil Co.

Girand & Girand and Nelson & Brown, all of Lubbock, Tex., for Mrs. Oda Parish.

Otis Trulove and W. C. Vinyard, both of Amarillo, Tex., and Claude L. Gray, of Orlando, Fla., for Pearl Chatterton.

DAVIDSON, District Judge.

This cause is now before the Court upon a motion to dismiss filed by one of the defendants, Pearl Chatterton, a bankrupt. The suit was filed in the Lubbock Division, of the Northern District of Texas, in the nature of trespass to try title to 160 acres of land, being the Northeast one-fourth of Section 897 of the John H. Gibson grant. Oil has been discovered upon the land, and there are many defendants and interveners.

The land was formerly owned by one Gus Jones, who executed a deed of trust to Oxford & Oxford. Jones got this property from his mother, Mrs. Oda Parish. Default was made and the property was sold under foreclosure of such deed of trust, and the defendant Pearl Chatterton deraigns title through the Oxford foreclosure.

About the time of this foreclosure, or shortly before, Gus Jones sold one-half of the minerals in the land to the plaintiff, Aaron Cohen, who claims under the Gus Jones mineral deed. The defendant, Mrs. Oda Parish, claims that Gus Jones had the land in trust himself, and had no authority to mortgage it, and that the deed of trust given by the said Jones, the foreclosure thereon, and the chain of title flowing therefrom, were not binding upon her as the true owner of the property. Other claimants appear from different angles and sources.

The defendant Pearl Chatterton, holding under the Oxford foreclosure, removed to the Southern District of Florida and was there declared a bankrupt. The trustee in bankruptcy executed a mineral lease on the 160 acres to the defendant Aloco Oil Company, which has developed the lease, so that there are now one or more producing wells upon such property.

The trustee in bankruptcy, in charge of the bankrupt estate of Pearl Chatterton, has not made himself a party to the suit, and is not before the court. The defendant Pearl Chatterton, bankrupt, moves the Court to dismiss the entire proceeding on the ground that the property involved as the subject matter of the litigation is and has been since the 4th of June, 1938, in the possession, custody, and control of the District Court of the United States in and for the Southern District of Florida, In Bankruptcy, Orlando Division.

It is a recognized principle of law that: "Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction." Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 484, 67 L.Ed. 871.

Likewise: "It must be conceded that, if at the date of the filing of the petition in bankruptcy, possession of the goods upon which appellants claimed a lien was in the bankrupt, their suit in the state court to establish and enforce their lien could not be maintained without the consent of the bankruptcy court." In re H. M. Kouri Corp., 2 Cir., 66 F.2d 241, 242. Also, Stratton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060.

The question has been raised as to the right of the bankrupt to make and present the motion to dismiss. Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, provides: "The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy."

See also Remington on Bankruptcy, 4th Edition, Vol. 5, Section 2437, and authorities there cited.

If the bankrupt, Pearl Chatterton, yet has any valid interest in the property, it must be because the property has a value in excess of her indebtedness. And if the property has a value so as to create an excess, she is not a bankrupt, but is solvent. She is not questioning, so far as this pleading is concerned, or elsewhere in the petition, the right of the trustee to exercise control over her property. When the trustee takes over the property of a bankrupt, he stands in the shoes, as it were, of the bankrupt in the management, custody, and control of the bankrupt's estate. In this view of the case, it is doubted if the movant, Pearl Chatterton, is in position to appear and urge this motion, because her title, if any, is vested in the trus-

tee, who is not before the Court, but whose power and authority she admits in the motion which she presents. Without disposing of the motion on this point, however, the plaintiff has treated her as a proper or necessary party defendant to this lawsuit, and unless she is dismissed from it for proper cause, the Court will entertain the motion now presented upon its merits.

Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46, contains the following: "Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them."

It necessarily follows, as an elementary proposition of law, that a trustee in bankruptcy has no greater title than the bankrupt himself had at the date of his adjudication as such. Whatever title the bankrupt had belongs to the trustee and may be disposed of by the bankrupt court, whereever situated.

Counsel have filed able and extensive briefs in support of their contentions, and now earnestly insist that the Florida Court alone, having taken possession of the property, at least in a constructive way, has sole jurisdiction to try the lawsuit now before this court. With all deference to the ability of counsel and the earnestness of their argument, the Court must dissent from this view. There is no question about the Florida Court having the right to sell and to make any and all orders pertaining to the estate of Pearl Chatterton, but no further. The question now before the Court is, suppose that the bankrupt, Pearl Chatterton, does not own the property? 'Suppose that one of the other litigants in the case now pending at Lubbock, Texas, is the owner? Can the Florida Court require the other claimants or possible owners of this property to leave the forum in which the land is situated and travel to Florida in order to try title to their property, if they own it, because some other person, who may not own it, has gone into bankruptcy in Florida?

The Florida Court, through its trustee, can dispose of whatever title Pearl Chatterton had. It has in this case executed a mineral lease, but the trustee's vendee or lessee can have no more title than Pearl Chatterton had. Anything pertaining to the estate of Pearl Chatterton may be adjudicated and disposed of in the Florida Court, but nothing further. Whether or not Pearl Chatterton, or her successor in title, the trustee, owned the land in Texas, is an issue that must be determined either by the State or Federal Courts where the property is located.

If the trustee desires to clear his title of outstanding claims, he must institute appropriate proceedings in Texas to that effect, or make himself a party defendant to the suit already brought. In treating this subject, in Remington on Bankruptcy, 4th Edition, Volume 5, Section 2207, the author says: "But it is difficult to see how in a regular bankruptcy proceeding the bankruptcy court wherein the adjudication of bankruptcy was had can marshal liens upon, or determine rights in, real estate located in another state. The forum for the determination of controversies relative to the title to real estate, or interests in real estate is, in general, the forum of the place where the real estate is situated. * * *"

The proper practice in a bankruptcy case undoubtedly is to institute ancillary proceedings in the district wherein the land is located.

In the case of Isaacs v. Hobbs Tie & Timber Company, 282 U.S. 734, 51 S.Ct. 270, 272, 75 L.Ed. 645, the Court said: "Where the land lies outside the limits of the district in which the bankruptcy court sits, ancillary proceedings may be instituted in the District Court of the United States for the district in which the land is, and an injunction against foreclosure issued by the court of ancillary jurisdiction."

In discussing a similar question, the Circuit Court of Appeals of Ohio, in the case of In re Heintz, 201 F. 338, 340, said: "Any other rule would result in unnecessary confusion of authority and would do violence to the plain provisions of the Bankruptcy Act [11 U.S.C.A. § 1 et seq.]"

In Collier on Bankruptcy, 13th Edition, Page 1645, the author states: "Whatever rights a third party had against the property of a bankrupt before the adjudication, that party, in the absence of fraud, or fixed liens created by state statutes in favor of others, has against his estate in bankruptcy. The validity of all claims, liens, and equities is to be determined, in the absence of federal statutes, by the local law as evidenced by the decisions of the state courts. It has been frequently said that a trustee in bankruptcy stands in the shoes of the bankrupt, and has no better title than the bankrupt had at the time of filing of the petition."

428

We see no reason why the trustee's vendee, the defendant Aloco Oil Company, who is to be found within the jurisdiction of the Lubbock Division of this Court, should not there litigate its title along with the other claimants.

The motion to dismiss is overruled.